UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN WILLIAMS<br>c/o Tittle & Perlmuter<br>4106 Bridge Ave.<br>Cleveland, OH 44113<br><br>On behalf of herself and all others<br>similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>FAMILY SOLUTIONS OF OHIO, INC.<br>3100 E. 45th Street<br>Cleveland, Ohio 44127<br><br>  c/o Its Statutory Agent<br>  Corporation Service Company<br>  50 West Broad Street<br>  Suite 1300<br>  Columbus, OH 43215<br><br>—and—<br><br>PROSTAR MANAGEMENT, INC.<br>c/o Family Solutions of Ohio, Inc.<br>c/o Its Statutory Agent<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1300<br>Columbus, OH 43215<br><br>—and—<br><br>JOHN HOPKINS<br>c/o Family Solutions of Ohio, Inc.<br>c/o its Statutory Agent<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1300 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT UNDER THE FAIR**<br>**LABOR STANDARD ACT AND**<br>**STATE LAW** |

```
Columbus, OH 43215                      )
                                        )
-and-                                   )
                                        )
DAWN SMITH                              )
c/o Family Solutions of Ohio, Inc.      )
c/o its Statutory Agent                 )
Corporation Service Company             )
50 West Broad Street                    )
Suite 1300                              )
Columbus, OH 43215                      )
                                        )
            Defendants.                 )
                                        )
                                        )
                                        )
```

Plaintiff Carolyn Williams, through counsel, respectfully files this Class and Collective Action Complaint against Defendants Family Solutions of Ohio, Inc., Prostar Management, Inc., John Hopkins, and Dawn Smith (sometimes collectively referred to as "Defendants"). This case is related to the case of *Stephenson v. Family Solutions of Ohio*, N.D. Ohio Case No. 1:18-cv-02017 ("*Stephenson*"), which involves the same defendants and substantially the same issues of fact and law, but differs from *Stephenson* in that it was filed by a different named plaintiff and seeks collective action relief for a later group of employees.

## INTRODUCTION

1. This case challenges wage-and-hour practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and common law.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. At all times relevant, Plaintiff Carolyn Williams was a citizen of the United States and of Ohio.

7. For much of the period relevant to this action, Plaintiff Williams resided and worked for Defendants in this district.

8. Defendant Family Solutions of Ohio, Inc. ("Family Solutions") is an Ohio corporation doing business at multiple locations in Ohio, including Cleveland and

Columbus where Plaintiff Carolyn Williams was employed. According to records maintained by the Ohio Secretary of State, its statutory agent for service of process is Corporation Service Company, 50 West Broad Street, Suite 1300, Columbus, Ohio 43215.

9. Defendant Prostar Management, Inc. ("Prostar") is or was a North Carolina corporation and the parent company of Defendant Family Solutions. According to records maintained by the State of North Carolina, Prostar's statutory agent is John Hopkins, a Defendant herein.

10. Defendant John Hopkins is an individual residing in North Carolina. He is the owner of Defendant Prostar and the President and chief executive of Defendant Family Solutions.

11. Defendant Dawn Smith is the Chief Operating Officer of Defendant Family Solutions.

## FACTUAL ALLEGATIONS

### Defendants' Business

12. During the relevant period, Defendant Family Solutions provided community behavioral healthcare services at multiple facilities, including Cleveland, Akron, Columbus, Cincinnati, and Bedford Heights, Ohio.

13. Family Solutions utilized non-exempt employees called "Qualified Mental Health Specialists," also referred to as "Qualified Behavioral Health Specialists," for most of its community psychiatric support services.

4

14. The Qualified Mental Health Specialist position is identical to the Qualified Behavioral Health Specialist position. The position simply underwent a name change in 2019. That position is referred to hereinafter as "QMHS."

15. Family Solutions' QMHSs included Plaintiff Williams and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).

### Plaintiff and the Potential Opt-Ins

16. Plaintiff Carolyn Williams worked for Family Solutions as a QMHS from June 2017 through December 2018 at its Cleveland location, and then from December 2018 through December 2019 at its Columbus location.

17. Plaintiff and the Potential Opt-Ins were non-exempt employees within the meaning of the FLSA.

### Defendants' Failure to Pay Employees for All Hours Worked

18. The FLSA required Family Solutions to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g).

19. Family Solutions did not pay Plaintiff and the Potential Opt-Ins for all of the hours they were suffered or permitted to work. Family Solutions paid them for some hours, principally those it could bill to Medicaid or other insurance, but failed to pay any compensation for many of their hours worked.

20. For instance, by policy and/or standard practice, the following activities were not compensated:

   a. Time spent traveling between clients intraday;

   b. Time spent reviewing/creating/editing client records;

  c. Time spent scheduling client appointments;

  d. Time spent waiting for no-show clients; and

  e. Community liaison duties.

### Defendants' Failure to Pay Minimum Wages

21. The FLSA required Family Solutions to pay employees at least the minimum wage for all hours worked. 29 U.S.C. § 206.

22. Family Solutions did not pay the requisite minimum wage to Plaintiff and the Potential Opt-Ins for some or all of their workweeks. Because Family Solutions failed to pay them any compensation for many hours worked, the hourly rate for their total hours fell below the minimum wage for some workweeks.

### Defendants' Failure to Pay Overtime Compensation

23. The FLSA required Family Solutions to pay overtime compensation at one and one-half times employees' "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 207; 29 C.F.R. § 778.117.

24. Plaintiff and the Potential Opt-Ins frequently worked more than forty hours in a single workweek.

25. Defendants failed to pay them overtime compensation at one and one-half times their "regular rate" for some or all of their overtime hours.

### Defendants' Status as "Employers"

26. Defendant Family Solutions was as an "employer" of Plaintiff and the Potential Opt-Ins within the meaning of the FLSA, 29 U.S.C. § 203(d).

6

27.     Defendant Prostar, and individual Defendants John Hopkins and Dawn Smith, were "employers" pursuant to 29 U.S.C. § 203(d) in that they were "person[s] [who] act[ed] directly or indirectly in the interest of an employer," Family Solutions, "in relation to employees," including Plaintiff and the Potential Opt-Ins.  Prostar was the parent company of Family Solutions.  John Hopkins was the owner of Prostar and the President and chief executive of Family Solutions.  Dawn Smith was the Chief Operating Officer of Family Solutions.  All had operational control over significant aspects of Family Solutions' operations and day-to-day functions, including compensation of employees.  Defendants Hopkins and Smith, acting for and on behalf of Defendants Family Solutions and Prostar, made the decision to pay Plaintiff and other QMHSs for fewer than all of the hours they worked, at hourly rates less than the minimum wage, and without overtime compensation.

28.     Department of Labor regulations provide that employees may work simultaneously for two or more joint employers.  29 C.F.R. § 791.2(a).  Joint employment occurs when the two employers are "not completely disassociated" from one another.  *Id*.  Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions."  *Id*.

29.     Family Solutions, Prostar, John Hopkins, and Dawn Smith were joint employers of Plaintiff and the Potential Opt-Ins under the FLSA and Ohio law.

30.     At all times relevant, Family Solutions, Prostar, John Hopkins, and Dawn Smith were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise

7

engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

### Willfulness of Defendants' Violations

31. Defendants knew that their QMHSs were entitled to minimum wages and overtime compensation under federal and state laws, or acted in reckless disregard for whether they were so entitled.

32. Defendants willfully circumvented and violated the requirements of the FLSA and Ohio law. Defendants deliberately withheld compensation from the QMHSs for the hours it could not bill to Medicaid or other health insurers. Defendants knew or had full reason to know that withholding compensation for many hours meant the hourly rate for the QMHSs' total hours would fall below the minimum wage for some or all workweeks. Defendants also deliberately withheld time-and-a-half compensation for many overtime hours.

33. Defendants continued these unlawful practices even after they were sued for them under the FLSA and Ohio law in the *Stephenson* case, and even after the frank, unequivocal illegality of Defendants' practices (e.g. failure to pay for intraday travel) was exposed in that case.

### Equitable Tolling of Carolyn Williams' Claim

34. In the *Stephenson* case, on September 18, 2019, the court ordered that Family Solutions provide the plaintiff's counsel with a roster of all QMHSs and include the last known personal email address of each individual on the roster.

8

35. Family Solutions failed to adhere to that Order, and for most QMHSs, including Carolyn Williams, Family Solutions' roster did not include email addresses.

36. As a result, when notice was issued in September 2019 to potential collective action opt-ins, Carolyn Williams did not receive notice of the *Stephenson* action. She was also otherwise unaware that Family Solutions' failure to compensate her for certain working time was illegal.

37. On November 4, 2020, the *Stephenson* court ordered that Family Solutions provide the plaintiffs' attorneys with all of the previously omitted personal email addresses, so that a new collective action notice could be issued to the potential opt-ins whose email addresses were not contained in the original roster.

38. Plaintiff Williams first received notice of the *Stephenson* action via that reissued email notice in November 2020, and immediately returned her signed consent form via regular mail.

39. Delivery of her consent form was significantly delayed as a result of widespread delays seen with the United States Postal Service throughout Northeast Ohio and reported in various news outlets – e.g.,

https://www.cleveland.com/entertainment/2020/12/a-total-chaotic-mess-holiday-mail-delays-cause-troubles-for-clevelands-small-businesses.html;

https://www.cleveland19.com/2021/01/07/mail-delays-causing-cancellation-threats-some-who-may-be-late-paying-bills/;

https://www.wkyc.com/article/news/local/cleveland/cleveland-post-office-delays-medical-supplies/95-8f318ac4-9b4b-4f2d-b6b1-fb621716042b;

https://www.npr.org/2021/01/22/959273022/theres-no-end-in-sight-mail-delivery-delays-continue-across-the-country?utm_campaign=npr&utm_source=facebook.com&utm_term=nprnews&utm_medium=social&fbclid=IwAR3ahv3NtAttPPBXyT1rfd1ileouD8fn3i7GCmF0UG7Ml1bMmNzW2hPRS04.

40. Plaintiff Williams' form, signed on November 30, 2020 and sent within a day or two of that, was received in Stephenson's counsel's mail on January 14, 2021, and filed the next day.

41. Family Solutions still contested the inclusion of Carolyn Williams in the *Stephenson* collective action, hence the filing of this separate action.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

44. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of current and former employees who worked as Qualified Mental Health Specialists or Qualified Behavioral Health Specialists for Family Solutions of Ohio at any time during the period September 16, 2019 to the present.

45. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subjected to Defendants' unlawful wage-and-hours practices, all were injured by those practices, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

46. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

47. Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of hundreds of persons. Such persons are readily identifiable through the records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Plaintiff brings this claim for violation of the FLSA's minimum wage and overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to become a party to this action pursuant to § 216(b) is attached hereto.

50. The FLSA required Defendants to pay their QMHSs at least the minimum wage and to pay them overtime compensation at one and one-half times their "regular

rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

51. Defendants failed to pay minimum wages and overtime compensation to Plaintiff and the Potential Opt-Ins in violation of the FLSA.

52. In doing so, Defendants' willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of Defendants' violations of the FLSA's minimum wage and overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendants and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

D. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Bridge Ave.
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Attorneys for Plaintiff

JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmutter (0082856)